UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 1199SEIU, UNITED HEALTHCARE WORKERS EAST,<br>　　　　Plaintiff<br><br>v.<br><br>NORTH ADAMS REGIONAL HOSPITAL,<br>　　　　Defendant. | Civil Action No. |

## **COMPLAINT**

1. This is a claim to enforce an arbitrator's award brought pursuant to Section 301, Labor-Management Relations Act, 29 U.S.C., § 185(a), 28 U.S.C. § 1337, and this Court's original and statutory jurisdiction.

2. Plaintiff 1199SEIU United Healthcare Workers East ("Union") is a labor organization within the meaning of 29 U.S.C. §§185(a) and 152, with a principal place of business in Dorchester, Massachusetts.

3. Defendant North Adams Regional Hospital ("Employer") is an employer in an industry affecting commerce and is engaged in commerce within the meaning of 29 U.S.C. §§ 185 (a) and 152 (6) and (7), with a principal place of business in North Adams, Massachusetts.

4. The venue of this Court is invoked pursuant to 28 U.S.C. § 1391, in that the Defendant resides in this judicial district.

5. SEIU1199 and the Employer were parties to a collective bargaining agreement providing for the arbitration of disputes arising thereunder, a copy of which is attached to this Complaint as Exhibit 1. Pursuant to their agreement, they submitted a dispute to

arbitrator Richard Boulanger (the "Arbitrator") concerning the discharge of a bargaining unit employee, Christopher Wheeler (the "Grievant").

6. By stipulation of the parties, the issue to be decided by the Arbitrator was as follows: Did the Hospital have just cause to terminate Mr. Wheeler? If no, what shall be the remedy?

7. On October 7, 2011, the Arbitrator issued his Award, a copy of which is attached to the Complaint as Exhibit 2.

8. In his Award, the Arbitrator ruled as follows:

   The grievance is upheld in part and denied in part. The Hospital did not have just cause to terminate Mr. Wheeler's employment. The Hospital had just cause to issue an unpaid, nine (9) calendar month suspension to Mr. Wheeler. Mr. Wheeler shall be forthwith reinstated to his position. He shall forthwith be made whole regarding all contract rights and benefits, including lost wages, less the unpaid, nine (9) month suspension and any interim earnings. References to the grievant's termination shall be expunged from his personnel file, and replaced with the unpaid, nine (9) calendar month suspension.

9. The Award is fully consistent with the collective bargaining agreement, applicable law, and the issues put to the Arbitrator by the parties.

10. To date, the Employer has failed to comply with the Award. It has failed to reinstate the Grievant to his former position and, instead, has returned the Grievant to an inferior position with less pay. To date, the Employer has failed to make whole the Grievant, in contravention to the Award.

11. The Union proposed returning these disputes back to the Arbitrator for resolution and the Employer refused this offer.

## CAUSE OF ACTION

10. The Award, duly rendered in arbitration between the Union and Employer should be enforced in its entirety pursuant to Section 301 of the Labor-Management Relations Act, 29 USC § 301 et seq.

WHEREFORE, the Union respectfully requests this Court grant the following relief:

A. Judgment enforcing the Arbitrator's Award in its entirety, including but not limited to ordering the Employer to return the Grievant to his position and to make the Grievant whole regarding all contract rights and benefits, including prior and continuing lost wages.

B. In the alternative, the Union requests that this Court order that the reinstatement and make whole relief disputes between the parties be submitted to the Arbitrator for binding decision.

C. Judgment awarding the Union its costs and reasonable attorney's fees; and

D. Such other relief as this Court deems just.

1199SEIU UNITED HEALTHCARE WORKERS EAST,

By its attorneys,

Respectfully submitted,

   /s/ Terence E. Coles
Terence E. Coles, BBO #600084
PYLE ROME EHRENBERG, P.C.
18 Tremont Street, Suite 500
Boston, MA  02108
(617) 367-7200

February 17, 2012