UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| 1199SEIU, UNITED HEALTHCARE WORKERS EAST,<br>*Plaintiffs,* | Civil Action No. 3:12-cv-30033-KPN |
| vs. | NARH'S STATEMENT OF ADDITIONAL MATERIAL FACTS |
| NORTH ADAMS REGIONAL HOSPITAL<br>*Defendant* | |

Pursuant to Local Rule 56.1 of the United States District Court for the District of Massachusetts, the defendant, North Adams Regional Hospital, hereby submits this statement of material facts:

1. Defendant North Adams Regional Hospital ("NARH") is a hospital located in North Adams, MA.

2. NARH and plaintiff 1199 SEIU United Health Care Workers East ("Plaintiff") are parties to a collective bargain agreement effective beginning on October 1, 2007 (the "CBA"). CBA, Introductory Paragraph, attached to Plaintiff's Statement of Material Facts as Exhibit 1.

3. NARH "reserve[d] for itself, subject only to any provisions of [the CBA], the management of [NARH], the right to require reasonable standards of performance and the maintenance of discipline, order and efficiency, the determination of medical and patient care standards, operational and other policies, the determination of

methods and procedures, the direction of the employees and the assignment of work, the right to hire, transfer temporarily, and to transfer, discharge, suspend, demote, or otherwise discipline employees for just cause, the right to lay off employees for lack of work, financial considerations, or for other reasons and to recall employees, the right to promulgate and enforce all rules relating to operations, safety measures and other matters." CBA, Article 3, Section 1.

4. In the CBA, NARH and Plaintiff agree that grievances "involv[ing] the interpretation or application of the [CBA]" that are not resolved after following the grievance procedure outlined in the CBA may be submitte to arbitration. CBA, Article 20, Section 2.

5. On March 9, 2009, North Adams Regional Hospital terminated the employment of Christopher Wheeler as lead CT technologist, ultrasound technologist and x-ray technologist. Affidavit of Lisa Harrison ("Harrison Affidavit"), ¶ 2, attached hereto as Exhibit 1.

6. Plaintiff 1199SEIU United Healthcare Workers East (the "Union") submitted a dispute concerning the termination of Mr. Wheeler's employment to arbitrator Richard Boulanger (the "Arbitrator"). Award, p. 2, attached to Plaintiff's Statement of Material Facts as Exhibit 2.

7. The issue submitted was as follows: "Did [NARH] have just cause to terminate Mr. Wheeler's employment? If not, what shall be the remedy?" Award, pp. 2-3.

8. The Arbitrator ruled that "[NARH] did not have just cause to terminate Mr. Wheeler's employment. [NARH] had just cause to issue an unpaid, nine (9) calendar month suspension to Mr. Wheeler." Award, p.1.

9. The Arbitrator ordered, in pertinent part, that "Mr. Wheeler shall be forthwith reinstated to his position. He shall forthwith be made whole regarding all contract rights and benefits, including lost wages, less the unpaid, nine (9) calendar month suspension and any interim earnings." Award, p. 1.

10. For a number of years, NARH has been engaged in efforts to reduce costs at the hospital including in the Medical Imaging Department. Harrison Affidavit, ¶ 4.

11. As part of this continuing effort, NARH has implemented a number of changes in the Medical Imaging Department. The purposes of the restructuring of the Medical Imaging Department were to reduce the costs and increase the efficiency of running the Medical Imaging Department and maintain the clinical competence of Medical Imaging Personnel. Harrison Affidavit, ¶ 5.

12. As a result of the restructuring, the department uses fewer overtime hours to provide medical imaging services. In order to achieve the reduced need for overtime, positions have been restructured and individual schedules have been changed. Harrison Affidavit, ¶ 6.

13. In order to reduce the cost of providing ultrasound services, the Medical Imaging Department has changed staff schedules, markedly increasing the efficiency of the ultrasound department. Harrison Affidavit, ¶7.

14. Because of the difficulty of remaining proficient in multiple modalities, the Medical Imaging Department is moving in the direction of more specialization of the technologist.  Harrison Affidavit, ¶ 9.

15. In addition, the lead technologists in each imaging modality unit, CT scan, ultrasound, bone density, mammography and nuclear medicine, x-ray, and magnetic resonance imaging now have more responsibility for running that unit.  For example, the lead technologist is now responsible for policies, competencies for the other technologists, monitoring quality measures, call scheduling, ordering supplies, working with vendors on upgrades, repairs and preventative maintenance, working on protocols, and public relations for the unit.  Harrison Affidavit, ¶ 8.

16. As the Medical Imaging Department is now structured, scheduling Mr. Wheeler to perform ultrasound services would result in a staff shortage in other modalities and an overage in ultrasound.  Harrison Affidavit, ¶ 10.

17. On February 13, 2012, Mr. Wheeler returned to his position as lead CT technologist and x-ray technologist at NARH.  Harrison Affidavit, ¶ 3.

18. For back pay, NARH proposes paying Mr. Wheeler for the straight time that he would have made at the hospital following his nine month suspension, plus an amount for overtime in the x-ray and CT scan modalities minus the amount Mr. Wheeler earned at Berkshire Medical Center during the period following his suspension and prior to his return to work at NARH.  The overtime amount will be calculated by taking the average percentage of total overtime that Mr. Wheeler

worked in those modalities in the three years prior to his discharge and applying that percentage to the overtime that was available in those modalities during the period following Mr. Wheeler's suspension and prior to his return to work. Affidavit of Daniel J. Finnegan ("Finnegan Affidavit"), ¶ 3, attached hereto as Exhibit 2.

19. Plaintiff contends that the amount to be paid to Mr. Wheeler in back pay should include amounts for ultrasound work, both straight time and overtime, during the period following Mr. Wheeler's suspension and prior to Mr. Wheeler's return to work at NARH. Affidavit of Terence E. Coles, ¶ 4, attached to Plaintiff's Statement of Material Facts as Exhibit 3.

20. Plaintiff contends that the amount of overtime to be included in back pay should be calculated based only on the amount of overtime Mr. Wheeler worked in the six years prior to his discharge, not taking into account the reduction in the amount of overtime available in the Medical Imaging Department in the back pay time period. Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment, ¶9; Finnegan Affidavit, ¶ 4.

21. Plaintiff also contends that the back pay amount should include pay for lost family time, lost travel time and lost vacation time when Mr. Wheeler was working at Berkshire Medical Center, as well as pay for time spent in the arbitration hearing and reimbursement for travel expenses to and from Berkshire Medical Center. Plaintiff's Statement of Material Facts, ¶ 9; Finnegan Affidavit, ¶ 5.

Respectfully submitted,

The Defendant,
NORTH ADAMS REGIONAL HOSPITAL
By Their Attorney:

Dated:  July 20, 2012                    /s/ Daniel J. Finnegan
                                              Daniel J. Finnegan – BBO #561347
                                              Bulkley, Richardson and Gelinas, LLP
                                              1500 Main Street, Suite 2700
                                              Springfield, MA 01115
                                              Tel:  (413) 781-2820
                                              Fax: (413) 272-6806
                                              E-mail:  dfinnegan@bulkley.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on this 20th day of July, 2012.

                                              /s/ Daniel J. Finnegan
                                              Daniel J. Finnegan

1345570v1